U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED SHREVEPORT

AUG 1 2 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CURASHA ADAMS | 5:10-cv-01870 |
| VERSUS | JUDGE DONALD E. WALTER |
| WARE YOUTH DETENTION CENTER, LOUISIANA DEPARTMENT OF CORRECTIONS, LOUISIANA DEPARTMENT OF CORRECTIONS OFFICE OF YOUTH/JUVENILE SERVICES AND XYZ INSURANCE COMPANY | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court are two motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)—one by defendant Ware Youth Center ("Ware"), [Doc. #11], and one by defendants Louisiana Department of Public Safety and Corrections ("LDPSC") and Louisiana Department of Corrections Office of Youth/Juvenile Services ("OYJS"). [Doc. #13]. Ware also moves, alternatively, for a more definite statement pursuant to Fed. R. Civ. P. 12(e). [Doc. #11]. Plaintiff, Curasha Adams ("Adams"), opposes the motion, but as an alternative asks the Court to allow her to amend her complaint. [Doc. #19-1 at 5].

## BACKGROUND

On December 12, 2010, Adams filed a complaint against Ware, LDPSC, OYJS, and XYZ Insurance Company. [Doc. #1]. In the complaint, Adams alleges that she was subjected to sexual harassment, sexual coercion, intimidation, retaliation, and sexual

misconduct while an inmate at Ware. She contends the defendants are liable because they or their decision-maker allowed the sexual misconduct and selected, retained, and assigned employees with propensities towards sexual misconduct. Ware's complaint, however, does not state which employees committed the sexual misconduct or when the misconduct occurred.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6) a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." A pleading will survive a Rule 12(b)(6) motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —, —, 129 S.Ct. 1937, 1949 (2009). The court must accept all of the plaintiff's allegations as true. *Twombly*, 550 U.S. at 550. However, the plaintiff's pleading must contain more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

"Fed. R. Civ. P. 12(e) motions should be granted when the pleadings are so

unclear that drafting a response to them is impossible. If the pleading is so vague or ambiguous that a responsive pleading is impossible, the party can move the court for an order directing the pleader to serve a more definite statement." *Sweet Lake Land and Oil Co. v. Exxon Mobil Corp.*, 2009 WL 4716090 at *1 (W.D.La. Dec. 9, 2009).

## DISCUSSION

Claims Against LDPSC and OYJS

LDPSC and OYJS argue Adams's claims should be dismissed for failure to state a claim and because they are entitled to sovereign immunity under the Eleventh Amendment.[1] The Eleventh Amendment of the United States Constitution bars all suits for monetary relief brought in federal court against a state or state agency unless the state has consented to suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Louisiana has not waived sovereign immunity. La. R.S. 13:5106(A). It is well-settled that the Louisiana Department of Corrections is entitled to Eleventh Amendment immunity. *See Willaims v. Henagan*, 595 F.3d 610, 618 (5th Cir. 2010) ("Williams's claims against.... Louisiana Dept. of Corrections... are barred by the Eleventh Amendment."). Accordingly, Ware's claims against LDPSC and OYJS, as related state agencies to the Department of Corrections, are dismissed.[2]

Claims Against Ware

---

[1] Although LDPSC and OYJS allege four bases for granting their motion, two of them – "facts" and "statute of limitations" – are actually just specific claims for relief for failure to state a claim that should be subsumed within the 12(b)(6) analysis.

[2] Because the Court grants the motion to dismiss on Eleventh Amendment grounds, it does not address the failure to state a claim basis for the motion.

3

Ware alleges Adams's complaint does not sufficiently state a claim upon which relief can be granted. In particular, Ware contends that Adams's assertions of a custom or practice are conclusory. Alternatively, Ware moves pursuant to Rule 12(e) for a more definite statement on when the conduct occurred so Ware can determine whether the claims are barred by the statute of limitations.

Adams posits that her complaint is sufficient because Rule 8 only requires a short and plain statement that gives the defendant notice of the plaintiff's claim. While Ware's recitation of Rule 8 is correct, it overlooks the requirements set forth in recent Supreme Court jurisprudence. In *Iqbal*, the Supreme Court declared:

> the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. ... A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. ... Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

129 S.Ct. at 1949 (internal quotations and citations omitted).

Ware states that it is a municipality operating under the authority of Louisiana's Department of Public Safety and Corrections Youth Services. [Doc. #11-1 at 1]. Municipalities are not liable for the tortious acts of their employees under a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, a plaintiff must allege the municipality has an official custom or policy that was a cause in fact of the alleged constitutional deprivation. *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997). Section 1983 suits against municipalities are not subject to a heightened pleading standard. *Jones v. Bock*, 549

U.S. 199, 212-13 (2007). Nonetheless, a "plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." *Colle v. Brazos County, Texas*, 981 F.2d 237, 245 (5th Cir. 1993). The plaintiff "must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights." *Zara v. Strain*, 2011 WL 723409 at *2 (E.D.La. Feb 22, 2011) (emphasis in original). "The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." *Spiller*, 130 F.3d at 167.

Adams's complaint is comprised primarily of conclusory accusations and recitations of the elements of a *Monell* claim. The complaint states the defendants:

> maintained, enforced tolerated [sic], permitted, acquiesced in, and applied policies, practices, or customs and usages of among other things:
> a. Subjected Plaintiff to unwelcome/unsolicited Sexual Harassment, Sexual Coercion, Intimidation, Retaliation and Sexual Misconduct.
> b. Selecting, retaining and assigning employees with demonstrable propensities to commit Sexual Harassment/Misconduct.

[Doc. #1 at 3]. These allegations, however, lack the factual enhancement that informs Ware what, exactly, the claims against it are. Finding that subsection b in the above quote at least identifies and describes a custom or policy related to hiring, the Court denies Ware's motion to dismiss for failure to state a claim. The pleading as a whole is vague and ambiguous, though. Accordingly, the Court grants Ware's motion for a more definite statement. Adams has twenty-one (21) days to amend her complaint to provide Ware with more factual details of her allegations. In particular, Ware should

provide more information on the who, what, when, and where of the alleged sexual misconduct.

## CONCLUSION

For the reasons assigned above, the motion to dismiss filed by LDPSC and OYJS [Doc. #13] is **GRANTED**. Adams's claims against LDPSC and OYJS are **DISMISSED WITH PREJUDICE**.[3] The motion to dismiss filed by Ware [Doc. #11] is **DENIED**, but the alternative motion for a more definite statement [Id.] is **GRANTED**. Adams has twenty-one (21) days to amend her complaint with more factual detail about her allegations against Ware.

August 10, 2011

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[3] Because LDPSC and OYJS are entitled to sovereign immunity, Adams cannot satisfactorily amend her complaint to state a claim against them. As such, the claims against these defendants are dismissed with prejudice.